Case Number:20-008885-SC

Filing # 117476107 E-Filed 12/01/2020 05:14:47 PM

IN THE COUNTY COURT OF
THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

ERIN HORNADAY,

    Plaintiff,

v.

DISCOVER PRODUCTS INC.
and CAPITAL MANAGEMENT
SERVICES, L.P.,

    Defendants.

### PLAINTIFF'S STATEMENT OF CLAIM

    COMES NOW, Plaintiff, ERIN HORNADAY ("Ms. Hornaday" or "Plaintiff"),

by and through the undersigned counsel, and hereby sues and files this Statement of Claim

against Defendants, DISCOVER PRODUCTS INC. ("Debt Owner"), and CAPITAL

MANAGEMENT SERVICES, L.P. ("Debt Collector") (collectively "Defendants") and

in support thereof states as follows:

#### *Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices

Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by communicating directly with Ms. Hornaday

in connection with the collection of such alleged Debt after receipt of notice that Ms.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 1 of 11

Hornaday was represented by an attorney with respect to the alleged Debt, and after Defendants knew of, or could readily ascertain, Ms. Hornaday's attorney's name and contact information.

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Pinellas County, Florida, where Defendant has physical locations in Pinellas County, Florida.

6.      Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

7.      Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Ms. Hornaday, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 2 of 11

9.    At all times material hereto, Debt Owner was and is a corporation with its principal place of business in the state of UT, and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

10.   At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of NY, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 33324.

11.   Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

12.   At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Hornaday's alleged debt.

13.   At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Hornaday's alleged debt for Debt Owner.

14.   As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

15.   Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Hornaday's information.

16.   Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Hornaday's information into Debt Owner's sales or customer systems.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 3 of 11

17.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

18.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or call script for Debt Collector to use when communicating with Ms. Hornaday.

19.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA violations when contacting Ms. Hornaday and Debt Owner failed to stop such violations by Debt Collector.

20.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Hornaday's debt on behalf of Debt Owner.

### *Statements of Fact*

21.     Ms. Hornaday opened a credit card account with Debt Owner for personal or household use that was assigned a unique account number ("Account").

22.     Sometime thereafter, Ms. Hornaday encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

23.     On or around September 17, 2020, Debt Owner received notice that Ms. Hornaday was represented by counsel with respect to the Debt. *See* **Exhibit A**.

24.     After Debt Owner had actual knowledge that Ms. Hornaday was represented by counsel with respect to the Debt, Debt Owner continued to communicate with Ms. Hornaday directly in connection with the collection of the Debt.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 4 of 11

25.    On or around September 29, 2020, Debt Owner sent a letter directly to Ms. Hornaday in connection with the collection of an alleged debt owed to Debt Owner on the Account. *See* Exhibit B.

26.    Debt Owner's September 29, 2020 letter was addressed directly to Ms. Hornaday, represented a total balance owed of $1,016.77, and offered the option to pay by phone. *See* Exhibit B.

27.    Under information and belief, Debt Owner thereafter assigned the Account and Debt to Debt Collector for collection purposes.

28.    Under information and belief, Debt Owner notified Debt Collector of Ms. Hornaday's attorney representation at the time of assigning the Account and the Debt to Debt Collector for collection purposes.

29.    On or around October 16, 2020, Debt Collector sent a letter directly to Ms. Hornaday in connection with the collection of an alleged debt owed to Debt Owner on the Account. *See* Exhibit C.

30.    Debt Collector's October 16, 2020 letter was addressed directly to Ms. Hornaday, represented a total balance of $5,684.42, demanded a total amount due of $2,330.61 by a due date of October 30, 2020, and offered the option pay by mail or to pay by phone. *See* Exhibit C.

31.    On or around October 26, 2020, Debt Owner sent a letter directly to Ms. Hornaday in connection with the collection of an alleged debt owed to Debt Owner on the Account. *See* Exhibit D.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 5 of 11

32. Debt Owner's September 29, 2020 letter was addressed directly to Ms. Hornaday, represented a total balance due of $1,016.77, and offered the option to pay by phone. *See* **Exhibit D.**

33. All of Defendants' letters to Ms. Hornaday were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

34. Ms. Hornaday re-alleges paragraphs 1-33 and incorporates the same herein by reference.

35. Ms. Hornaday is a "consumer" within the meaning of the FDCPA.

36. The subject debt is a "consumer debt" within the meaning of the FDCPA.

37. Debt Collector is a "debt collector" within the meaning of the FDCPA.

38. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector 15 U.S.C. § 1692c(a)(2) by communicating directly with Ms. Hornaday after Defendants had actual knowledge that Ms. Hornaday was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Ms. Hornaday's attorney's name and address.

39. As a result of the above violations of the FCCPA, Ms. Hornaday has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page **6** of 11

40.     Defendant's actions have violated Ms. Hornaday's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

41.     Defendant's actions have damaged Ms. Hornaday by causing her stress.

42.     Defendant's actions have damaged Ms. Hornaday by causing her anxiety.

43.     Defendant's actions have damaged Ms. Hornaday by being an annoyance.

44.     Defendant's actions have damaged Ms. Hornaday by causing her aggravation.

45.     It has been necessary for Ms. Hornaday to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

46.     All conditions precedent to this action have occurred.

47.     **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

48.     Ms. Hornaday re-alleges paragraphs 1-33 and incorporates the same herein by reference.

49.     Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 7 of 11

a.  Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Ms. Hornaday after Defendant had actual knowledge that Ms. Hornaday was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Ms. Hornaday's attorney's name and address.

50.  As a result of the above violations of the FCCPA, Ms. Hornaday has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

51.  Defendant's actions have violated Ms. Hornaday's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

52.  Defendant's actions have damaged Ms. Hornaday by causing her stress.

53.  Defendant's actions have damaged Ms. Hornaday by causing her anxiety.

54.  Defendant's actions have damaged Ms. Hornaday by being an annoyance.

55.  Defendant's actions have damaged Ms. Hornaday by causing her aggravation.

56.  It has been necessary for Ms. Hornaday to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

57.  All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 8 of 11

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees;

d.  Any other and further relief as this Court deems just and equitable.

### Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)

58.     Ms. Hornaday re-alleges paragraphs 1-33 and incorporates the same herein by reference.

59.     At all times relevant hereto, Defendant was vicariously or directly liable for the actions of Debt Collector.

60.     Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a.  Defendant  violated  Fla.  Stat.  §  559.72(18)  by communicating directly with Ms. Hornaday after Defendant had actual knowledge that Ms. Hornaday was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Ms. Hornaday's attorney's name and address.

61.     As a result of the above violations of the FCCPA, Ms. Hornaday has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

62.     Defendant's actions have violated Ms. Hornaday's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

63.     Defendant's actions have damaged Ms. Hornaday by causing her stress.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 9 of 11

64. Defendant's actions have damaged Ms. Hornaday by causing her anxiety.

65. Defendant's actions have damaged Ms. Hornaday by being an annoyance.

66. Defendant's actions have damaged Ms. Hornaday by causing her aggravation.

67. It has been necessary for Ms. Hornaday to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

68. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Erin Hornaday, demands a trial by jury on all issues so triable.

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 10 of 11

Respectfully submitted this **December 1, 2020,**

/s/ *Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Hornaday v. Discover Products Inc. and Capital Management Services, L.P.*
Page 11 of 11

Filing # 117476107 E-Filed 12/01/2020 05:14:47 PM

# EXHIBIT A

***ELECTRONICALLY FILED 12/01/2020 05:14:45 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

# Fax Transmission

**To:**   Discover Bank

**Fax:**  12248135109

**RE:**   Notice of Representation for Erin Hornaday

**From:**  Law Office of Michael A. Ziegler PL

**Date:**  9/17/2020 9:26:46 AM EDT

**Pages:** 4

---

Comments:

Please see the enclosed Notice of Representation and Third Party Authorization for Erin
Hornaday.

Thank you.

 LAW OFFICE OF MICHAEL A ZIEGLER,PL
**DEBT FIGHTERS**

2561 Nursery Road, Ste A
Clearwater, FL 33764
727-538-4188
attorneydebtfighters.com



September 16, 2020

Discover Bank
P.O. Box 30945
Salt Lake City, UT
84130-0945
*Sent via facsimile to 1-224-813-5109*

RE:   *Notice of Representation for Erin Hornaday*
Last 4 of SS#.:
Our Matter No.:      2042.02

To Whom It May Concern:

Please take notice that I have been retained by Erin Hornaday with respect to the above referenced matter. A signed Third-Party Authorization has been completed by my client and is enclosed for your records.

Please take notice that the consumer disputes the validity of this debt. Therefore, we would request that validation of the alleged debt be provided to our office within 30 days. This includes, but is not limited to, account statements reflecting all purchase transactions, fees, and interest.

Any and all further communications in regards to the above account should be directed to my attention. If you have any questions or concerns, please reach out to my office.

Very truly yours,

Michael A. Ziegler, Esq.

Daniel Hornaday

August 6, 2020

**Re:    Third Party Authorization and Release**
**Last 4 Digits of SS#: :**

To Whom It May Concern:

I have retained the Law Office of Michael A. Ziegler, P.L. with regard to the above referenced loan.  The following third parties are authorized to communicate with regard to my loan:

Mr. Michael A. Ziegler, Esq.
Ms. Kaelyn Steinkraus, Esq.
Ms. Morgana Alderman, Law Clerk
Ms. Malorie Cruz, Legal Assistant

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Ste. A
Clearwater, FL. 33764
(p) (727) 538-4188
(f) (727) 362-4778
debtdefense@attorneydebtfighters.com
cassidy@attorneydebtfighters.com

I hereby authorize you to communicate with these parties regarding my loans, and further authorize the release of any and all information and documents relating to my loans as requested by them.

Should you have any questions or comments, please direct all further communications to Attorney Fordiani.

Regards,

Daniel Hornaday

Erin Hornaday

August 6, 2020

Re:     **Third Party Authorization and Release**
        **Last 4 Digits of SS#:**

To Whom It May Concern:

I have retained the Law Office of Michael A. Ziegler, P.L. with regard to the above referenced loan.  The following third parties are authorized to communicate with regard to my loan:

Mr. Michael A. Ziegler, Esq.
Ms. Kaelyn Steinkraus, Esq.
Ms. Morgana Alderman, Law Clerk
Ms. Malorie Cruz, Legal Assistant

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Ste. A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
debtdefense@attorneydebtfighters.com
cassidy@attorneydebtfighters.com

I hereby authorize you to communicate with these parties regarding my loans, and further authorize the release of any and all information and documents relating to my loans as requested by them.

Should you have any questions or comments, please direct all further communications to Attorney Fordiani.

Regards,

Erin Hornaday

Case Number: 20-008885-SC

Filing # 117476107 E-Filed 12/01/2020 05:14:47 PM

# EXHIBIT B

***ELECTRONICALLY FILED 12/01/2020 05:14:45 PM; KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***



Case Number:20-008885-SC

Filing # 117476107 E-Filed 12/01/2020 05:14:47 PM

# EXHIBIT C

808 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2217

Reference 1234367228

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2217
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-800-396-0670, Fax: 716-312-6046
For Telecommunication Relay Service, Dial 711
Original Creditor: DISCOVER BANK
Current Creditor: DISCOVER BANK
Description: Discover Card
Account #:
Amount of Debt: $5694.43
AMOUNT ENCLOSED:
Current Address:

Current Phone #:

19983 T98 P1****AUTO**ALL FOR AADC 342
Erin Horneday

---

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

October 16, 2020                        41% SETTLEMENT OFFER

Dear Erin Horneday:

On behalf of DISCOVER BANK, Capital Management Services, LP. is willing to accept less than the full balance due as a settlement on the above mentioned account. The settlement offer shall be $2330.61 due in our office on or before 10/30/2020. We are not obligated to renew this offer. However, additional opportunities to settle this account may be available at a later date.

Upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.

Our representatives are trained to offer assistance regarding this obligation. For payment arrangements or account inquiries, you may contact Capital Management Services, LP. at P.O. Box 964, Buffalo, NY 14220-0120 or call 1-800-396-0670 Mon. through Fri, 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-team.com.

Due to the age of your account, Discover Bank is not able to file suit against you, but if you take specific action such as making a payment or making a written promise to pay, the time for filing a suit will be reset. We would like to help you to resolve your account balance.

Filing # 117476107 E-Filed 12/01/2020 05:14:47 PM

# EXHIBIT D

***ELECTRONICALLY FILED 12/01/2020 05:14:45 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

American Express
P.O. Box [illegible]
Buffalo NY [illegible]

20716 [illegible]

**AMERICAN EXPRESS**

October 26, 2020

[illegible]
[illegible] AUTO [illegible] FOR AADC 3[illegible]

Re: Account Ending 51005

Hello Erin Hornaday,

**Re-establishing a credit relationship after a setback may feel like a challenge. American Express has your back.**

American Express wants to help you make it happen, by giving you the chance to regain Card Membership by paying off your balance with a plan that works for you.

**Here's how this offer works:**

- Pay your balance of $1,016.77 on the account mentioned above and you'll get an Optima® Card application. The funds must clear your bank prior to an application being mailed.
- Fill it out and send it back to become a Card Member again.

You won't be eligible if:

- You have an active bankruptcy at the time of your application.
- You have accepted another offer for an Optima® Card account from American Express or a collections agency.
- You have an active American Express account.
- American Express determines that you do not have the financial capacity to make the minimum payments on the new Optima® Card account.

You can pay all at once if you want to get back to being a Member right away, but if that's not possible, American Express has plenty of payment plans.

**Here are some payment plans to help you pay off your balance:**

| | Option #1 | Option #2 | Option #3 |
|---|---|---|---|
| **Number of Payments** | 3 | 6 | 12 |
| **Monthly Payment Amount*** | $338.52 | $169.46 | $84.73 |

If regaining Card Membership doesn't interest you, how about settling your account for less than the balance owed.

**Here are some more plans that let you pay less while still settling your account:**

| | Option #4 | Option #5 | Option #6 |
|---|---|---|---|
| **Total Settlement Offer** | $355.87 | $406.80 | $457.68 |
| **Number of Payments** | 1 | 12 | 24 |
| **Monthly Payment Amount*** | N/A | $33.90 | $19.07 |

*Because of rounding, your final payment may be slightly different from the monthly payment amount listed above.

**Want to learn more about these plans?**

Get to know the terms and conditions of these offers before you accept. Call 1-844-404-7095 to get more details. And if none of these feel realistic for you, American Express can also help tailor a plan that works better for your finances.

**Want to accept this offer or a payment plan now?**

Call at 1-844-404-7095 by 11/20/2020 between 8:00am to 9:00pm EST, Monday-Friday. The American Express Team must speak with you to complete the acceptance process. The offers will expire after the above date. Make sure you understand the terms and conditions before you accept. Please be advised that American Express is not obligated to renew these offers.

Hope to have you back as an American Express Member soon. And in the meantime, American Express is here to help you. So always feel free to call.

Thanks,
American Express Global Collections

